UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
LATISHA MAYS,

        Plaintiff,                               Memorandum and Order
                                                     10 Civ. 4810

    - against -

FREDERICK LANE and RYAN LANE,

        Defendants.
------------------------------------------------------x
GLASSER, United States District Judge:

        Plaintiff, Latisha Mays ("Mays" or "plaintiff"), commenced this action August 9, 2010 against Ryan Lane ("Lane") and Frederick Lane (collectively, "defendants") pursuant to New York Insurance Law § 5104 (the "No Fault Statute"), seeking to recover for personal injuries she allegedly sustained as a result of a car accident with defendant Ryan Lane.  Plaintiff also alleges negligent entrustment against defendant Frederick Lane.  The case was commenced in the Supreme Court of the State of New York, Kings County, and on October 20, 2010 was removed on the basis of diversity jurisdiction to this Court.  Plaintiff seeks partial summary judgment on the issue of liability.  For the following reasons, Plaintiff's motion is denied.

## BACKGROUND

        The following facts are undisputed unless otherwise noted.  On the afternoon of January 12, 2010, Mays was driving her 2006 Jeep Liberty northbound in the left lane of the three-lane Hutchison River Parkway in the Bronx, New York.  Affidavit of Alexander Ogden dated Apr. 23, 2012 ("Ogden Aff.") Ex. C ("Pl.'s Dep."), at 17-23.  A green Jaguar car broke down, blocking the lane in front of Mays.  Ogden Aff. Ex. D ("Lane Dep."), at

1

17. Mays came to a complete stop a few cars behind the Jaguar. Lane Dep. at 14; Pl.'s Dep. at 27.

Defendant Ryan Lane was also driving northbound on the Hutchinson River Parkway in the left lane. Lane Dep. at 21; Pl.'s Dep. at 25. Although it was winter, the day was sunny and the roads were clear; traffic was moving at the speed limit. Lane Dep. at 11-12; Pl.'s Dep. at 23. Lane was driving a 2004 Volkswagen Jetta owned by his father, Frederick Lane. Lane Dep., at 7-8. It is undisputed that there were two cars behind Mays and ahead of Lane and that those cars switched lanes to avoid and pass Mays. Lane Dep. at 20-22; Pl.'s Dep. at 25-26. Lane alleges that his view was blocked by the cars, one of which was a sport utility vehicle, and therefore he could not see Mays until the cars ahead abruptly switched lanes. Lane Dep. at 11, 20-21. Because the parkway lacked a left-hand shoulder and there was traffic in the lane to the right of him, he was unable to also switch lanes, Lane Dep. at 13, 21-22, and, despite braking, he struck the rear bumper of Mays' stopped car. Id. at 15. Plaintiff alleges that as a result of the impact she suffered pain and injuries, necessitating physical therapy and surgeries on her shoulder and neck. Pl.'s Dep. at 41-44, 53-74.

## JURISDICTION

Diversity of citizenship, which is not disputed, provides a basis for jurisdiction. See 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of New York. Notice of Removal ¶ 3(a). Defendant Frederick Lane is a citizen of the District of Columbia. Id. ¶ 3(b). Defendant Ryan Lane was a citizen of Connecticut at the time this action was commenced and currently resides in Massachusetts. Id. ¶ 3(c). Plaintiff seeks more than $75,000.00 in damages.

**DISCUSSION**

**I.      Plaintiff's Failure to File a Rule 56.1 Statement**

As an initial matter, defendants argue plaintiff's motion should be denied because plaintiff failed to file a Local Rule 56.1 Statement or a response to defendants' Rule 56.1 Statement.  Local Rule 56.1 requires that a party moving for summary judgment submit a list of the material facts as to which there is no genuine issue to be tried, along with "citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e)."  Loc. Civ. R. 56.1.  "The requirement is strict; failure to submit a Rule 56.1 statement with a motion for summary judgment may result in the motion's denial."  T.Y. v. N.Y. City Dep't of Educ., 584 F.3d 412, 417 (2d Cir. 2009) (citing Loc. Civ. R. 56.1(a)); see, e.g., Mu Yan Lin v. Burlington Ins. Co., No. 11 Civ. 33 (PGG), 2012 WL 967633, at *1 (S.D.N.Y. Mar. 21, 2012) (collecting cases denying movant's summary judgment motion for failure to submit a Rule 56.1 statement).  However, "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules. . . . [and] may in its discretion opt to conduct an assiduous review of the record even where one of the parties has failed to file such a statement."  Holtz v. Rockefeller & Co., Inc., 258 F. 3d 62, 73 (2d Cir. 2001).

The purpose of Local Rule 56.1 is "to aid the courts in deciding summary judgment motions by quickly identifying disputed material facts."  T.Y., 584 F.3d at 417.  Here, the record essentially consists of two short depositions: that of plaintiff Latisha Mays and that of defendant Ryan Lane.  The material facts are clear.  Plaintiff's failure to file a Rule 56.1 statement will be overlooked and the Court will not deny the motion on these grounds.

## II.     Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  As an initial matter, the moving party has the burden of demonstrating that no genuine dispute of material fact exists for trial. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

Once the moving party has met this burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a <u>genuine issue for trial</u>.'" <u>Caldarola v. Calabrese</u>, 298 F.3d 156, 160 (2d Cir. 2002) (emphasis in original) (quoting <u>Matsushita</u>, 475 U.S. at 586-87).  "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

The Court is compelled to draw all reasonable inferences in favor of the nonmoving party, <u>Matsushita</u>, 475 U.S. at 586, and a genuine dispute exists if a

4

reasonable jury could find in favor of the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  However, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249–50 (citations omitted).  "[T]he mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment.  Id. at 247–48 (emphasis in original).  "Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth 'concrete particulars' showing that a trial is needed."  R.G. Grp., Inc. v. Horn & Hardart Co., 751 F.2d 69, 77 (2d Cir. 1984) (quoting S.E.C. v. Res. Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978)).

"[S]ummary judgment is 'highly unusual' in a negligence case, because such a case requires a determination of the reasonableness of a party's conduct, and 'the assessment of reasonableness is generally a factual question to be addressed by the jury.'"  Maizous v. Garaffa, No. 00 Civ. 4895 (ILG), 2002 WL 1471556, at *3 (E.D.N.Y. Apr. 30, 2002) (citations omitted) (quoting King v. Crossland Sav. Bank, 111 F.3d 251, 259 (2d Cir. 1997)).  Nonetheless, "'the mere fact that a case involves a claim of negligence does not preclude a granting of summary judgment.'"  Id. (quoting Cumminsky v. Chandris, S.A., 719 F. Supp. 1183, 1186 (S.D.N.Y. 1989)).

### III.     Negligence of Defendant Ryan Lane

Plaintiff seeks partial summary judgment on the issue of liability on the grounds that the undisputed facts establish defendant Ryan Lane was negligent as a matter of law because he struck Mays' stopped vehicle from behind.  Under New York law, "a driver is expected to drive at a sufficiently safe speed and to maintain enough distance between himself and cars ahead of him so as to avoid collisions with stopped vehicles,

5

taking into account the weather and road conditions." Malone v. Morillo, 6 A.D.3d 324, 325, 775 N.Y.S.2d 312 (1st Dep't 2004) (internal quotation marks and citations omitted).[1]  This duty is codified in New York Vehicle and Traffic Law § 1129(a), which provides that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." Consequently, "when a defendant operates a vehicle that strikes another vehicle in the rear, the defendant is subject to a presumption that he or she was negligent in failing to keep a safe distance between the vehicles," Abramov v. Campbell, 303 A.D.2d 697, 697, 757 N.Y.S.2d 100 (2d Dep't 2003), and "the injured occupants of the front vehicle are entitled to summary judgment on liability, unless the driver of the following vehicle can provide a non-negligent explanation, in evidentiary form, for the collision," Johnson v. Philips, 261 A.D.2d 269, 271, 690 N.Y.S.2d 545 (1st Dep't 1999) (collecting cases). "The duty of providing an explanation is imposed upon the operator of the moving vehicle 'because he or she is in the best position to explain whether the collision was due to a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on a wet pavement, or some other reasonable cause.'" Perez v. Guerrero, No. 10 Civ. 4287 (GWG), 2011 WL 1794352, at *2 (S.D.N.Y. May 11, 2011) (quoting Leal v. Wolff, 224 A.D.2d 392, 393, 638 N.Y.S.2d 110 (2d Dep't 1996)).  The parties do not dispute that Ryan Lane collided with the rear of plaintiff's car.  Thus, plaintiff has made out a prima facie claim of negligence and the remaining issue is whether defendants have raised a material issue of fact as to

---

[1] The Court agrees with the parties that New York law applies. "A federal court sitting in diversity applies the law of the forum state and, in tort actions, New York courts generally apply the law of the jurisdiction where the tort occurred." Maizous, 2002 WL 1471556, at *3 (citing Velez v. Sebco Laundry Sys., Inc., No. 00 CIV 5027 (SHS), 2001 WL 43609, at *2 (S.D.N.Y. Jan. 18, 2001); Franklin v. Krueger Int'l, Inc., No. 96 CIV 2408 (DLC), 1997 WL 691424, at *3 n.1 (S.D.N.Y. Nov. 5, 1997)).

6

the existence of a non-negligent explanation.

### A. Contributory Negligence

Defendants argue summary judgment should be denied because plaintiff stopped abruptly, contributing to the accident. Defs.' Mem. at 2. There is some dispute as to whether, under New York law, an allegation that the front vehicle stopped suddenly or abruptly can constitute a non-negligent explanation sufficient to rebut the presumption of negligence arising from a rear-end collision. See, e.g., Hong v. Maher, No. 02 Civ. 7825 (RWS), 2004 WL 771127, at *3 (S.D.N.Y. April 13, 2004) (noting conflicting cases within the Second Department, alone). As defendants correctly note, this Court previously held that a sudden stop by a plaintiff <u>may</u> constitute negligence and raise a triable issue of fact. See Maizous, 2002 WL 1471556, at *3-4 (collecting cases). The Court observed that an instructive example is where a plaintiff, following too closely behind the car in front of him and at too great a speed, comes to a sudden stop, causing the car to the rear to strike him. Id. at *6. Contributory negligence would be appropriate because each driver "should be a sufficient distance behind the forward car and each should be traveling at a sufficiently low rate of speed so that he will not cause damage to the car ahead if he stops <u>or to the car behind by stopping suddenly</u>." Id. (emphasis in original) (quotation omitted). In Maizous, this Court denied summary judgment on the grounds that both defendant and plaintiff had violated that duty. Id. at 5.

Maizous and the cases upon which it relied are plainly distinguishable because there is nothing in the record that indicates plaintiff was in any way negligent in her driving. Plaintiff came to a controlled stop due to a broken-down car in her lane and had been at a complete stop for several seconds before the accident. Her actions were

7

not unlawful or negligent.  See Gregson v. Terry, 35 A.D.3d 358, 827 N.Y.S.2d 181 (2d Dep't 2006) (summary judgment appropriate on liability where "[t]he presence of [a] stationary vehicle directly ahead of [plaintiff], and the heavy flow of traffic in the adjacent lane, provided [him] with a lawful reason for stopping (see Vehicle and Traffic Law § 1200[a]), and there is no allegation that he stopped short or was otherwise negligent in bringing his vehicle to a halt.").  According to Ryan Lane's testimony, it was not plaintiff's actions that were sudden but his own discovery of the obstacle, due to the cars in front of him blocking his view.  Consequently, plaintiff bears no comparative fault and summary judgment will not be denied on these grounds.

### B. Obstruction of View

Defendants also argue summary judgment should be denied because Ryan Lane was unable to see Mays' stopped car until the two vehicles ahead of him abruptly changed lanes, presenting an unexpected hazard that he was unable to avoid—a non-negligent explanation for the collision.  In support, defendants cite to Ortiz v. Rosner, 817 F. Supp. 348 (S.D.N.Y. 1993).  There, the defendant was driving in moving traffic through a green light, and glanced to his right in order to safely move lanes.  "When he looked forward, the car that he had been following was no longer there and, instead, he saw Ortiz's vehicle stopped in his lane.  [Defendant] then hit the brakes but was unable to come to a complete stop."  Id. at 352 (internal citations and quotation omitted).  The court denied summary judgment on liability, finding that "the jury could rationally infer that the car traveling in front of defendant's taxi was blocking [plaintiff's] stationary van from his sight and that the car abruptly changed lanes to avoid Ortiz's van, only then revealing the van to [defendant]. . . . Under these circumstances, the presence of [plaintiff's] van, stopped at a green light, could have been unforeseeable and could have

8

occurred without warning to defendant." Id. at 352-53.  Similarly, in Torres v. WABC Towing Corp., 282 A.D.2d 406, 724 N.Y.S.2d 49 (1st Dep't 2001), defendant was traveling below the speed limit when he suddenly observed plaintiff about 50 feet away, stopped around the bend of a curve in the road.  Defendant attempted to change lanes, and, when he could not do so, slammed on his brakes, but skidded into plaintiff.  The court noted that there was adequate evidence for the jury to find that the collision was attributable to causes other than defendant's negligence.

Based upon the evidence, viewed in the light most favorable to the defendants, a reasonable jury could find that Ryan Lane was traveling within the speed limit and driving with appropriate caution under the prevailing traffic conditions: he was on a parkway, it was mid-afternoon, the weather was clear, and traffic was moving at an ordinary rate.  A jury could find that, as in Ortiz and Torres, he had no reason to expect a car stopped in the middle of the road.  A reasonable jury could find that the car in front of Lane, a sport utility vehicle, is significantly higher off the ground than a VW Jetta and effectively blocked Lane's view of the road ahead.  A reasonable jury could also find that Mays' stopped car was only revealed to Lane when the cars in front of him abruptly changed lanes to avoid her and that Lane was unable to take evasive action because of the road divider to the left of him and traffic to the right of him.  Because a reasonable jury could find that the collision occurred without negligence on Ryan Lane's part, a material issue of fact exists and summary judgment cannot be granted for plaintiff.

## CONCLUSION

For the foregoing reasons, the Court denies plaintiff's motion for summary judgment.

**SO ORDERED.**

Dated:     Brooklyn, New York
           June 25, 2012

                                        ___/s/_____
                                        I. Leo Glasser
                                        United States District Judge